STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**

Orange Unit Docket Nos. 23-CV-1827
23-CV-4940

**IN RE: ESTATE OF STEWART SKRILL**[1]

### Decision: Trustee's Motions for Attorneys' Fees (Motions #31 and #42)

The motions are granted to the extent set forth below.

Karen Skrill, primary beneficiary under the trust of her late husband Stewart Skrill, filed a petition in the Probate Division asserting a claim of breach of trust together with other claims, one of which was a requirement that the Co-Trustees file accountings which they had not done as required by the Vermont Trust Code despite her requests. She prevailed in the Probate Division on her request for accountings and breach of trust and obtained a judgment imposing liability on the former Co-Trustees for loss of trust assets, excessive attorneys' fees, and excessive trustee fees. There was also litigation in the Probate Division on other claims in her petition unrelated to the accounting and breach of trust allegations.

The former Co-Trustees appealed (one later withdrew her appeal) to the Civil Division. Prior to the hearing in the Civil Division, the current Trustee, Christopher Eckman, reimbursed her for her attorneys' fees to date and she assigned her claim to the Trust. In the Probate Division, Attorney Stevens represented Karen Skrill on all her claims, and Attorney McCann represented the Trust. In this case in the Civil Division, Attorney Stevens represented the Trust both as assignee of Karen Skrill's claim and on behalf of the Trust's own interests while Attorney McCann observed remotely. Following the *de novo* hearing, a judgment issued against the former Co-Trustees for amounts similar to those in the probate judgment.

Both attorneys submitted claims for attorneys' fees. The court denied both claims because the submissions did not sufficiently support the amounts requested (November 5, 2025 Entry Order on Motion #31), but provided for the opportunity to submit a second request with proper support for the necessity and reasonableness of fees related to the specific issues that are the subject of this appeal. Both filed second requests. The Trustee has thus had two opportunities to support a request for attorneys' fees with information necessary for the court to make a reasonable decision.

Former Co-Trustee Mr. Modell, against whom liability was found, through his Attorney Weatherly, objects to the fees requested. There is no objection to the hourly rate charged, but Mr.

---

[1] Although both cases are entitled "In re: Estate of Stewart Skrill," the subject matter is actually the private trust entitled The Stewart Skrill Living Trust. A proceeding concerning Mr. Skrill's estate took place in Florida.

1

FILED
VERMONT SUPERIOR COURT

NOV 24 2025

ORANGE UNIT

Modell objects that the amounts requested are not supported by reliable information that all work billed was reasonable and necessary and related to the issues before the court.

In this particular case, there are three layers involved in sorting out what attorney fees are reasonable and necessary. First, it is important to distinguish between fees related to the issues in this appeal from fees related to other Trust matters worked on by the attorneys. Bills show that the Trustee used attorney services for general Trust issues unrelated to Karen Skrill's petition, such as Stewart Skrill's interest in property in Canada, an estate tax return in Florida, matters raised by secondary beneficiary Thomas Schilling, and matters related to subdivision of the Trust land. This is important because each attorney appears to have billed all time to a single account without separating out what the services were for. This was a problem in the first submission. In their second submissions, the attorneys appear to no longer pursue charges for unrelated Trust matters, and the court accepts this.

The second layer is that it is important to distinguish between fees related to the claim in this case about accountings and related breach of trust from other claims made in Karen Skrill's petition, which were also litigated,[2] (The claim to reform the Trust was the subject of a separate appeal to the Civil Division.) Again, this is because it is not clear that the attorneys maintained separate accounts for separate issues (understandable), but attorneys' fees in this case cannot be awarded for work on separate matters. The Summary of Billing filed by Attorney Stevens on November 13, 2025 is highly summary. It does not make clear that work related to other claims is excluded and in fact makes generalized references to "discovery," "legal research," "discovery motion practice," and "depositions." including early in the case without identification of issues. A total number of hours is assigned to summarized categories. The amount of fees requested exceeds the initial request filed September 17, 2025 ($132,300.00 compared to $111,865.00) even though unrelated Trust matters are not included. The court cannot be confident that all of these hours are related to the accountings as opposed to other aspects of Karen Skrill's petition.

The third layer is based on the requirement that attorneys' fees are awarded for those expenses that are reasonable and necessary. In other words, even if all of the hourly work related only to the claim for accountings and breach of trust could be identified with attached descriptions of specific work performed (which it is not), the court has to determine how much was reasonable and necessary to the outcome. It is not clear that the work on two unsuccessful summary judgment motions has been excluded, and the court determined that the Trustee's lengthy proposed findings and conclusions improperly incorporated the Master's Report and struck that document from consideration (September 2, 2025 Entry Order on Motion #30), so

---

[2] In Karen Skrill's petition she sought relief on four separate claims:
- Removal of the Co-Trustees and appointment of a successor Trustee
- Modification or termination of the 2017 Amendment
- Requirement that the Co-Trustees file an accounting
- Reformation of the trust to make Karen Skrill the primary beneficiary with the right to occupy the farm and allow the sale of building lots to her and Stewart's descendants.

2

work on it should be excluded. Attorney Weatherly argues that time was spent on preparing a witness for hearing whose proposed testimony was inadmissible as a matter of law and was twice excluded.

Overall, the attorneys have not supported their requests with sufficient information for the court to approve the full amounts requested as the court cannot be confident that the requests represent justifiable reasonable and necessary work. The court will therefore award fees for work about which it can be confident. This includes preparation of a portion of the petition, some discovery, representation by both attorneys at the multiday hearing on accountings before the Special Master in the Probate Division, and representation in the Civil Division *de novo* hearing by Attorney Stevens. As to additional time spent, the court cannot differentiate between what is justified and what is not based upon the filings.

Therefore, fees are awarded to Attorney Stevens for filing the petition and discovery prior to hearing (55 hours), representation at the Probate Division hearing before the Special Master (55 hours), and representation at the *de novo* hearing in the Civil Division (125 hours). Total hours: 235 X $320 = $75,000.00. Fees are awarded to Attorney McCann for representation at the Special Master hearing in the amount of $15,217.30. The court declines to award costs of the Special Master in the Probate Division because it was agreed by the parties and incorporated into a court order that the Trust itself would pay for the cost of the master.

## ORDER

The Stewart Skrill Living Trust is entitled to attorneys' fees from Steven Modell and Bonnie Lindsay, former Co-Trustees, in the amount of $90,217.30.

Electronically signed November 24, 2025 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned

3